**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:

**CANDACE R. MILLER,**

      **Plaintiff,**

**v.**

**CARSON SMITHFIELD LLC, a Delaware Limited Liability Company**

      **Defendant.**

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.§227 et seq.

## VENUE

3.    Venue is proper in this District.

4.    The acts and transactions occurred in this District.

5.    The Plaintiff resides in this District.

6.    The Defendant transacts business in this Judicial District.

7.      The Defendant has a registered agent in Colorado located at 1560 Broadway, Suite 2090, Denver, Colorado 80023.

## PARTIES

8.      Plaintiff Candace R. Miller is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Defendant Carson Smithfield, LLC (hereinafter "Defendant") is a Delaware limited liability company operating from an address of 101 Crossways Park Drive W, Woodbury New York 11797 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division, license number 991476.

## FACTUAL ALLEGATIONS

11.     The Defendant is attempting to collect a debt that was for a household, family or personal nature and is a debt that is described in the FDCPA, 15 U.S.C. §1692a(5).

12.     The alleged debt stems from a Merrick Bank credit card that was issued to the Plaintiff and which the Defendant claims is now in default..

13.     The Plaintiff has no business relationship with the Defendant, has never received any service or benefit from the Defendant and disputes that she owes the Defendant anything.

14.     The Defendant, using an autodialer, contacted the Plaintiff on her cellular telephone on March 6, 2012.

15.     When the Plaintiff answered her telephone, the line goes dead.

16.     The Plaintiff is able to determine that the call was placed by the Defendant, coming from telephone number 1-877-394-5975.

17. The Plaintiff received another telephone call on March 14, 2012 from the same originating telephone number.

18. Again, the Plaintiff answers her telephone and upon doing so, hears three beeps and then the telephone call is terminated.

19. On March 19, 2012 the Plaintiff received another of the annoying and harassing telephone calls and once again, upon answering her telephone, had the call terminated after the three short beeps.

20. On April 23, 2012 the Defendant again contacted the Plaintiff on her cellular telephone using their autodialer.

21. The Plaintiff then contacted the number that was revealed on her caller I.D. and discovered that indeed the calls were coming from the debt collector Defendant.

22. The Plaintiff at that time spoke with an individual who identified himself as Bryan.

23. The Defendant, through its employee/agent Bryan advised the Plaintiff that they were a debt collector and were attempting to collect an alleged debt owed on a charged off Merrick Bank credit card and that the amount owed was $1,931.25.

24. The Plaintiff told the Defendant to stop contacting her and that she disputed the amount of the debt that the Defendant was claiming she owed.

25. Despite repeated contacts with the Plaintiff, the Defendant has never provided a notice as required by the FDCPA, see 15 U.S.C. §1692g.

26. The ongoing telephone calls, placed by the Defendant to the cellular telephone of the Plaintiff are annoying and are considered harassment by the Plaintiff, in violation of the FDCPA, 15 U.S.C. §1692d.

27.     During the conversation between the Plaintiff and the Defendant's employee/agent Bryan, it was revealed that indeed the Defendant had placed the Plaintiff's telephone number into the computerized dialing system utilized by the Defendant debt collector.

28.     The Defendant was rude and told the Plaintiff that the reason she had been put into the autodialer system was so that the Defendant did not have to "waste time: trying to get ahold of "people who don't want to pay them."

29.     The use of an autodialer to make repeated, unsolicited and annoying telephone calls to consumers is unconscionable and designed to annoy, harass and oppress consumers in violation of the FDCPA, see 15 U.S.C. §1692d, §1692f.

30.     The Defendant, through its employee/agent Bryan, told the Plaintiff that since she refused to pay, her case was being turned over to "his attorney."

31.     The Defendant has no record of bringing legal action against consumers in Colorado and thus the threat by the Defendant that unless the Plaintiff paid the alleged debt she would face legal action is false and misleading and violates the FDCPA, 15 U.S.C. §1692e., §1692e(5).

32.     The use of the autodialer to contact the Plaintiff violates the TCPA.

33.     The Defendant has contacted the Plaintiff, using an autodialer on her cellular telephone no less than four times, the actual number will be determined through the course of discovery.

34.     The Plaintiff has never given consent to the Defendant to contact her on his cellular telephone.

35.     The Plaintiff has no established business relationship with the Defendant.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C. §227

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

38. The Defendant, using an autodialer, has contacted the Plaintiff on her cellular telephone no less than four separate occasions concerning the alleged debt.

39. At no time has the Plaintiff given express consent to the Defendant to contact her via her cellular telephone.

### *Respondent Superior Liability*

40. The acts and omissions of the individual collectors, acting as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

41. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

42.     By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

43.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

46.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C.§227 et seq.

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

49.     The Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA.

50.     If the Plaintiff, in the course of discovery or at trial, can establish that the Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to $1,500.00 per violation of the TCPA.

## TRIAL BY JURY

51.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.      For compensatory damages;

2.      For statutory damages;

3.      For punitive damages;

4.      For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5.      For pre-judgment interest to the extent permitted by law;

6.      For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7.     For such other and further relief as the Court may deem just.

Respectfully submitted,

 s/Troy D. Krenning
Troy D. Krenning, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com

s/Jill Gookin
Jill Gookin, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com

s/Andrea Fulton
Andrea Fulton, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
Attorneys for Plaintiff